# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CARRIE ANNE MOORE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:18-CV-48-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Carrie Anne Moore on February 2, 2018, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 16], filed August 16, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for an award of benefits or, in the alternative, for further proceedings. On September 6, 2018, the Commissioner filed a response, and on October 12, 2018, Plaintiff filed a reply.

## I.  Background

On October 23, 2014, Plaintiff filed applications for benefits alleging that she became disabled on October 2, 2014. Plaintiff's applications were denied initially and upon reconsideration. On February 6, 2017, Administrative Law Judge ("ALJ") Kevin Vodak held a hearing at which Plaintiff and a vocational expert ("VE") testified. Plaintiff was represented by an attorney at the hearing. On April 28, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since October 2, 2014, the alleged onset date.

3. The claimant has the following severe impairments: borderline personality disorder, bipolar I disorder, post-traumatic stress disorder (PTSD), and gambling disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks, She can frequently interact with supervisors and coworkers, and occasionally interact with the public. The claimant is able to engage in no more than occasional decision-making and be exposed to no more than occasional changes in her job setting.

6. The claimant is unable to perform any past relevant work.

7. The claimant was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 2, 2014, through the date of this decision.

The Appeals Council did not take jurisdiction of the claim, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d

3

664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ's decision should be remanded because the ALJ erred in determining Plaintiff's residual functional capacity ("RFC"), evaluating the opinion evidence, and analyzing Plaintiff's subjective symptoms.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into

4

consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). According to SSA regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p,1996 WL 374184, at *7(July 2, 1996). Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to [the] conclusion." *Scott*, 297 F.3d at 595 (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

Plaintiff argues that the ALJ did not account for her moderate limitation in concentration, persistence, and pace in her RFC. In support of finding that Plaintiff has a moderate limitation in concentration, persistence, and pace, the ALJ cites evidence that Plaintiff has reported a short attention span, difficulty following spoken instructions, little energy, and inability to concentrate. AR 15. The ALJ also noted that Plaintiff was able to follow and answer questions at the hearing. *Id.*

Plaintiff's argument is well-taken. Regarding this limitation, the ALJ only found that Plaintiff's RFC is limited to understanding, remembering, and carrying out simple, routine, and repetitive tasks. However, the Seventh Circuit Court of Appeals has "repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited

5

interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018), *as amended on reh'g* (Apr. 13, 2018) (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)) (citing *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009)). Limiting the complexity of tasks Plaintiff performs does not fully accommodate her limitations in the ability to maintain pace, concentrate, and persist.

The opinions of state agency consulting doctors Dr. Garcia and Dr. Larsen, which were given great weight by the ALJ, further support finding error on this basis. Dr. Garcia and Dr. Larsen both found that Plaintiff was limited in her ability to maintain attention and concentration for extended periods of time and in her ability to perform at a consistent pace in addition to a limitation in the ability to carry out detailed instructions. AR 82, 107.

Because the RFC does not account for the moderate limitation in concentration, persistence, and pace found by the ALJ, this matter must be remanded to the agency for further proceedings. On remand, if the ALJ again finds that Plaintiff can have occasional or greater interaction with the general public, the ALJ is also directed to provide a more robust discussion of the evidence regarding Plaintiff's limitation in social interation and how the ALJ reached the finding.

Plaintiff also asserts that the ALJ erred in weighing her treating doctor's opinion. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must

still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); 416.927(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Plaintiff maintains that the ALJ erred in evaluating the June 15, 2015 opinion of treating physician Dr. Stepansky. To discredit this opinion, the ALJ cited to treatment records from October and November 2016. Essentially, the ALJ determined that the opinion was outdated due to the later treatment records. *See* AR 19 ("Although Dr. Stepansky's opinion is consistent with the evidence in terms of the claimant's symptoms at the time of the letter, more recent treatment notes provide that the claimant's condition has improved. For example, October 2016 psychiatric notes state that the claimant['s] depression and manic symptoms are under control."). The ALJ similarly discounted the opinions of Drs. Bucur, Karr, and Kristevski due to the October 2016 notes. However, the ALJ gave great weight to the opinions of Drs. Garcia and Larsen. Both of these opinions were given in 2015 before Dr. Stepansky's opinion. It is inconsistent to discount Dr. Stepansky's opinion in light of the more recent evidence and to not discount Dr. Garcia's and Dr. Larsen's earlier opinions for the same reason.

It also appears that the ALJ overemphasized the fact of improvement without considering the degree of improvement. A person's impairments can improve and still not be improved to a level that permits competitive full-time work. *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014), *as amended* (Aug. 20, 2014). In addition, bipolar is episodic, so the fact that Plaintiff experienced some good days does not in and of itself mean that she will not have bad days in the future, *Jelinek v. Astrue*, 662 F.3d 805, 814 (7th Cir. 2011); *Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir. 2006).

Combined, these issues show reversible error in the ALJ's evaluation of Dr. Stepansky's opinion. A new evaluation consistent with 20 C.F.R. §§ 404.1527(c) and 416.927(c) is needed.

Plaintiff further maintains that the ALJ did not properly evaluate non-medical source opinions. The ALJ is required to properly consider evidence from non-medical sources. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2) ("The adjudicator generally should explain the weight given to opinions from [non-medical] sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case"). The ALJ rejected the non-medical source opinions of a Mr. Douglas and a Ms. Hosmer. The ALJ gave them only some weight because they are lay opinions and because they do not "outweigh the accumulated medical evidence regarding the extent to which the claimant's limitations can reasonably be considered severe." AR 20. The ALJ did not address how these opinions supported or were inconsistent with other evidence in the record. SSR 06-03P, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and]

Whether the source has a specialty or area of expertise related to the individual's impairment(s)"). By failing to connect evidence to any of the opinions made by Mr. Douglas and Ms. Hosmer, the ALJ has not created a logical bridge by which the Court can trace the ALJ's reasoning. On remand, the ALJ shall evaluate these opinions in a manner compliant with 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).

Plaintiff points to purported errors in the ALJ's determination regarding Plaintiff's subjective symptoms. In considering a claimant's statements about her subjective symptoms, an ALJ is not required to give full credit to every statement made by the claimant or to find a disability each time a claimant states she is unable to work, but he "must 'consider the entire case record and give specific reasons for the weight given to the individual's statements.'" *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) (quoting *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir.2009)).

Plaintiff correctly identifies errors in the ALJ's determination of Plaintiff's subjective symptoms. First, the ALJ found that Plaintiff's ability to "prepare her own meals, occasionally perform housework, go shopping in stores, pay bills, and count change . . . suggests that the claimant is not limited to the extent alleged." AR 17 (citing Ex. 8E 2-4). The ALJ does not identify what allegations are negated by these abilities. Further, these minimal daily activities are not sufficient to show that Plaintiff can engage in full-time competitive work. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). Additionally, the ALJ improperly discredited Plaintiff for being non-compliant with treatment for her gambling addiction without inquiring into the reasons for noncompliance. *See* SSR 16-3p, 2017 WL 5180304 *9 (Oct. 25, 2017).

Plaintiff requests that the Court reverse the Commissioner's decision and remand for an award of benefits. However, an award of benefits is not proper when there remain outstanding

9

factual issues, *Briscoe*, 425 F.3d at 356, and the record does not yet support a finding that Plaintiff is disabled. *Allord v. Asture*, 631 F.3d 411, 417 (7th Cir. 2011). Therefore, remand for further proceedings, and not for an award of benefits, is proper.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Opening Memorandum [DE 19], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this opinion. The Court **DENIES** Plaintiff's request to award benefits.

SO ORDERED this 7th day of February, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record